Filed 3/17/16  P. v. Moore CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068240 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS267863) |
| GREGORY MOORE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Ana España, Judge.  Affirmed.

Robert E. Boyce for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Gregory Moore pleaded guilty to one count of a lewd act on a child age 14 or 15 years. (Pen. Code,[1] § 288, subd. (c)(1).)  Moore admitted he inflicted great bodily injury on the victim.  (§ 12022.7, subd. (a).)  Moore also admitted two serious felony prior

---

1       All further statutory references are to the Penal Code unless otherwise specified.

convictions (§ 667, subd. (a)(1)) and two serious/violent felony prior convictions (strike priors; § 667, subds. (b)-(i)).

The trial court denied Moore's motion to strike the serious/violent felony priors and denied probation. Moore was sentenced to a determinate term of 13 years, consecutive with an indeterminate term of 25 years to life.

Moore filed a timely notice of appeal, but did not obtain a certificate of probable cause from the trial court. (§ 1237.5.)

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he is unable to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Moore the opportunity to file his own brief on appeal and he has responded by filing a supplemental brief. We will address the supplemental brief below.

## STATEMENT OF FACTS

Moore admitted he had sexual intercourse with a child of 14 to 15 years of age while he was at least 10 years older than the child. He also admitted he impregnated the child and that she gave birth.

## DISCUSSION

As we have noted appellate counsel has not identified any reasonably arguable issue for reversal on appeal. Counsel has asked the court to review the record for error and has identified one possible, but not reasonably arguable issue to assist the court in its review as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*):

2

Whether the prosecutor's incorrect analysis comments at the change of plea hearing about two of the possible bases for application of a 25-year-to-life term should have been challenged by defense counsel. Thus the question is whether counsel failed to provide effective assistance of counsel.

In his supplemental brief, Moore raises a number of issues based on facts outside the record on appeal. In essence he argues his counsel was ineffective and misled him. He contends he did not understand the plea process and did not know he was subject to a life term of imprisonment. Our review of the change of plea process demonstrates the trial court conducted a very thorough process of reviewing the implications of the change of plea and that Moore understood the consequences of his decision.

Since all of Moore's contentions in his supplemental brief are based on alleged facts outside the record on appeal, Moore's remedies, if any, must be found by way of a petition for writ of habeas corpus filed with the trial court. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

We have reviewed the entire record as mandated by *Wende, supra*, 25 Cal.4th 436 and *Anders, supra*, 386 U.S.738, and have not identified any reasonably arguable issue for reversal on appeal. Competent counsel has represented Moore on this appeal.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


McINTYRE, J.

4